United States Court of Appeals
Fifth Circuit

**F I L E D**

June 23, 2004

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 03-21074
Conference Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

MYRA "MARIA" GONZALEZ,
also known as Maria Gonzalez-Gonzalez,

Defendant-Appellant.

--------------------------
CONSOLIDATED WITH
No. 03-41500
--------------------------

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

MARIA ELENA RINCON-MACARENA,
also known as Maria Myra Gonzalez,

Defendant-Appellant.

--------------------
Appeals from the United States District Court
for the Southern District of Texas
USDC Nos. H-00-CR-726-5
B-03-CR-432-ALL
--------------------

Before BARKSDALE, DeMOSS, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Myra "Maria" Gonzalez appeals her guilty-plea conviction and sentence for being found illegally present in the United States after deportation. She argues, pursuant to Apprendi v. New Jersey, 530 U.S. 466 (2000), that the "felony" and "aggravated felony" provisions of 8 U.S.C. § 1326(b)(1) and (2) are elements of the offense, not sentence enhancements, making those provisions unconstitutional. She concedes that this argument is foreclosed by Almendarez-Torres v. United States, 523 U.S. 224 (1998), and she raises it for possible review by the Supreme Court.

This argument is foreclosed by Almendarez-Torres, 523 U.S. at 235. We must follow the precedent set forth in Almendarez-Torres "unless and until the Supreme Court itself determines to overrule it." United States v. Dabeit, 231 F.3d 979, 984 (5th Cir. 2000) (internal quotation and citation omitted).

Gonzalez does not brief any argument concerning how or why any potential reduction in her sentence for the 8 U.S.C. § 1326 conviction would have any bearing on the sentence the district court imposed upon revocation of her supervised release for her 8 U.S.C. § 1324(a)(1)(A)(iii) conviction. She has therefore abandoned her appeal from the revocation of her supervised release. United States v. Valdiosera-Godinez, 932 F.2d 1093, 1099 (5th Cir. 1991).

AFFIRMED.